**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDITH AZNAR,**

                **Plaintiff,**

**-vs-**                                                 **Case No. 6:06-cv-578-19-DAB**

**COOPERATIVA DE SEGUROS**
**MULTIPLES DE PUERTO RICO, INC.,**

                **Defendant.**

_____

**ORDER**

This case comes before the Court on the following:

1. Defendant Cooperativa De Seguros Multiples De Puerto Rico, Inc.'s Motion to Dismiss Count II and Count III of Plaintiff's Complaint; (Doc. No. 7, filed on May 5, 2006);

2. Memorandum in Support of Defendant Cooperativa De Seguros Multiples De Puerto Rico, Inc.'s Motion to Dismiss Count II and Count III of Plaintiff's Complaint; (Doc. No. 8, filed on May 5, 2006); and

3. Memorandum of Plaintiff in Opposition to Defendant Cooperativa De Seguros Multiples De Puerto Rico, Inc.'s Motion to Dismiss Count II and Count III of Plaintiff's Complaint, filed by Plaintiff Judith Aznar. (Doc. No. 19, filed on May 19, 2006).

## Background

On April 28, 2006, the instant case was removed to this Court[1] based on diversity jurisdiction pursuant to the Class Action Fairness Act. The case arises out of Defendant Cooperativa De Seguros Multiples De Puerto Rico, Inc.'s ("CSM's") failure to pay for hurricane damages sustained by Plaintiff Judith Aznar, which were allegedly covered by a contract between the two parties. (Doc. No. 2, ¶¶ 12-13). The Complaint avers that CSM engaged in unfair methods of competition and/or unfair or deceptive acts and practices in the trade and conduct of insurance in violation of Florida law.[2] (Doc. No. 2, ¶¶ 8-11). Plaintiff further alleges that CSM breached the terms of the standardized mobile home contract ("the contract") with Plaintiff and the class members,[3] that CSM breached its fiduciary duty to Plaintiff and the class members,[4] and that CSM continues to engage in a corporate scheme and pattern and practice of suppression, misrepresentation, or failure to reveal pertinent facts relating to policy provisions. Plaintiffs claim Defendant's actions necessitate injunctive and declaratory relief. (Doc. No. 2, ¶¶ 43-45). CSM now requests that this Court dismiss Counts II and III of the Complaint. (*See* Doc. No. 7).

---

[1] *See* Doc. No. 1.

[2] Specifically, Plaintiff alleges that Defendant has violated Section 626.9541(1)(a)(1), Florida Statutes.

[3] Doc. No. 2, ¶¶ 28-33.

[4] Doc. No. 2, ¶¶ 34-42. Plaintiff concedes that Count II lacks merit in Memorandum of Plaintiff in Opposition to Defendant CSM's Motion to Dismiss Count II and Count III of Plaintiff's Complaint. (Doc. No. 19).

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that can be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached to the Complaint as exhibits. FED R. CIV. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

**Analysis**

**A. Count II**

Plaintiff concedes that Count II lacks merit and stipulates to its dismissal in its Memorandum in Opposition to Defendant's Motion to Dismiss. (*See* Doc. No. 19, p. 2). Thus, the Court will dismiss Count II of the Complaint.

**B. Count III**

In Count III, Plaintiff seeks both injunctive and declaratory relief for the alleged past and continuing failures of Defendant CSM to pay class members for overhead, profit, and taxes allegedly covered by the contract.[5] CSM offers several arguments as to why Count III of the Complaint fails to state a claim for declaratory and injunctive relief. First, CSM

---

[5]   Doc. No. 2, ¶¶ 43-45.

argues that Plaintiff has failed to allege any ambiguity in the contract which would necessitate declaratory relief. Next, CSM claims that Plaintiff fails to allege irreparable harm or that a remedy at law would be inadequate. Finally, CSM argues that injunctive relief is not proper to remedy past conduct and would unduly involve the Court in supervision of CSM's performance of future claim handling. After viewing the allegations in the light most favorable to Plaintiff, considering the allegations of the complaint as true, and accepting all reasonable inferences that can be drawn from such allegations, the Court finds that Plaintiff has adequately stated a claim for declaratory and injunctive relief in Count III.

First, Plaintiff has adequately stated a claim for declaratory relief. "The test for sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Lutz Lake Fern Road Neighborhood Groups, Inc. v. Hillsborough County,* 779 So. 2d 380, 383 (Fla. 2d DCA 2000), quoting *Platt v. General Dev. Corp.*, 122 So.2d 48, 50 (Fla. 2d DCA 1960). Thus, the Plaintiff seeking declaratory relief must show that:

> there is a bona fide, actual present practical need for the declaration; that the declaration should deal with a present ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power or privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*Martinez v. Scanlan*, 582 So. 2d 1167, 1170 (Fla. 1991), quoting *May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952).

In the instant case, Plaintiff has alleged that CSM knowingly engaged and continues to engage in a corporate scheme and pattern of practice of misrepresentation, unfair claims handling, and systematic failure to inform class members of its unlawful intent to interpret insurance policies as not requiring CSM to compensate policyholders for the payment of taxes, profits, and overhead in violation of, *inter alia,* the Florida Unfair Insurance Trade Practices Act. *See* Doc. No. 2, pp. 18-19; Fla. Stat. § 626.9541(1). Taking such allegations as true, there is an actual present need for the Court to declare for the class members their actual rights under the contract of which they may not be aware due to CSM's misrepresentations. Parties having a continuing relationship under a contract are entitled to know a provision's true meaning by way of declaratory relief. *See, e.g., Miami Dolphins, Ltd. v. Genden & Bach, P.A.,* 545 So. 2d 294, 295 (Fla. 3d DCA 1989); *May*, 59 So. 2d at 638-39. Furthermore, due to its remedial and equitable nature, Florida's declaratory judgment law was intended to be liberally construed by the courts. *See* Fla. Stat. § 86.101; *Miami Dolphins*, 545 So. 2d at 295. Thus, the Court finds Plaintiff has stated a claim for declaratory relief under Florida law.

In addition, Plaintiff has not failed to state a claim for injunctive and declaratory relief simply because she also seeks monetary damages for uncompensated taxes, overhead expenses, and profits. At the motion to dismiss stage, a plaintiff is entitled to make as many separate claims as she has regardless of consistency and regardless of whether they are based on legal, equitable, or maritime grounds. *See* Fed. R. Civ. P. 8(e); *Indep. Enters., Inc., v.*

*Pittsburgh Water and Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997). This rule permits inconsistency in both legal and factual allegations. *See, e.g., id.*, *Babcock & Wilcox. Co. v. Parsons Corp.*, 430 F.2d 531, 536 (8th Cir. 1970). Furthermore, Florida law specifically states that the existence of another adequate remedy does not preclude declaratory relief. *See* Fla. Stat. § 86.111; *Miami Dolphins*, 545 So.2d at 295.

Plaintiff has adequately stated a claim for injunctive relief. In order to state a claim for injunctive relief, the Plaintiff must aver (1) that she has suffered a unique or peculiar injury, (2) for which monetary compensation or another remedy at law would not be adequate, and (3) irreparable injury will result if the injunction is not granted. *See, e.g., Esposito v. Horning*, 416 So. 2d 896, 897-98 (Fla. 4th DCA 1982); *First Nat'l Bank in St. Petersburg v. L.G. Ferris*, 156 So. 2d 421, 423 (Fla. 3d DCA 1963). A complainant alleging irreparable injury must state facts which will enable the court to judge whether the injury will in fact be irreparable, and mere general allegations of irreparable injury will not suffice. *Williams v. Dormany*, 126 So. 117 (Fla. 1930); *Stoner v. South Peninsular Zoning Comm'n*, 75 So. 2d 831 (Fla. 1954). The facts comprising such injury must be presented clearly so that the court may determine the exact nature and extent of the possible injury. *Esposito*, 416 So. 2d at 898, citing *Egan v. City of Miami*, 178 So. 132 (Fla. 1938). If the injury complained of is doubtful, eventual, or contingent, injunctive relief will not be afforded. *Id.*, citing *Shivery v. Streeper*, 3 So. 865 (Fla. 1888).

In the case at bar, taking the Plaintiff's allegations as true, CSM continues to unlawfully deprive policyholders of payments to which they are entitled under their policies. Thus, an injunction would be necessary to prevent CSM from future unlawful interpretations

of its contracts and its continuing "pattern and practice" of misrepresenting the nature of their policies to present and future policyholders. An injunction is proper when there is a demonstrated pattern of non-compliance with the law and there is a reasonably well-grounded probability that such course of conduct will continue in the future. *See, e.g., City of Jacksonville v. Wilson*, 27 So. 2d 108, 111 (1946); *Daniels v. Bryson*, 548 So.2d 679, 681 (Fla. 3d DCA 1989). Plaintiff has so averred in the Complaint. (*See* Doc. No. 2, pp. 18-20).

Finally, CSM's argument that injunctive relief would unduly involve the Court in supervision of CSM's performance of future claim handling is not well taken. All of the cases cited by CSM are distinguishable, as they involve overwhelmingly case-specific permanent injunctions which required the issuing court to virtually "assume an endless duty"[6] of overseeing its mandate. Furthermore, the argument is irrelevant to whether Plaintiff has stated a claim with facts sufficient to demonstrate that an injunction is warranted in the present case. For these reasons, the Court will deny CSM's Motion to Dismiss Count III of the Complaint.

## Conclusion

Based on the foregoing, Defendant Cooperativa De Seguros Multiples De Puerto Rico, Inc.'s Motion to Dismiss Count II and Count III of Plaintiff's Complaint; (Doc. No. 7) is **GRANTED IN PART and DENIED IN PART**. The Motion to Dismiss Count II of

---

[6] *See, e.g., Collins v. Pic-Town Water Works, Inc.,* 166 So. 2d 760, 762 (Fla. 2d DCA 1964).

the Complaint is **GRANTED**.  The Motion to Dismiss Count III of Plaintiff's Complaint is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 5th__ day of June, 2006.

*[Signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record